# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## JIM L. TOWNSEND v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-28457   John P. Colton, Jr., Judge**

_____

**No. W2004-02161-CCA-R3-CO  - Filed April 12, 2005**

_____

This matter is before the Court upon the State's motion to affirm the judgment of the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The Petitioner, Jim L. Townsend, appeals the trial court's denial of his application for writ of error coram nobis/petition for post-conviction relief.  Finding that the instant petition is not proper as either a motion for writ of error coram nobis, petition for post-conviction relief, or application for writ of habeas corpus relief, we affirm the dismissal of the trial court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and J.C. MCLIN, JJ.  joined.

Jim L. Townsend, pro se.

Paul G. Summers, Attorney General & Reporter; Mark A. Fulks, Assistant Attorney General, for the appellee, the State of Tennessee.

## MEMORANDUM OPINION

On November 8, 1983, Petitioner received a sentence of four years as a result of a conviction for unlawful possession of a controlled substance with intent to sell, case 87143.  Petitioner also received a sentence of one year and one day as a result of a conviction for possession of cocaine with

1

intent, case 73370. Petitioner is currently confined at the Federal Correctional Institution in Memphis, Tennessee.

On May 18, 2004, Petitioner filed a "Motion to Petition this Court for a Writ of Error Coram Nobis or in the Alternative for Application for Post-Conviction Relief." Although Petitioner conceded that his sentences in cases 87143 and 73370 have expired and that he is no longer in the custody of the State of Tennessee, he asserted that he remains under "constructive custody" of these sentences because these convictions were used to enhance the subsequent federal sentence he is currently serving. As grounds for relief from these convictions, Petitioner claimed that the trial court lacked jurisdiction to impose the convictions and sentences because the grand jury failed to find probable cause as to every element of the offenses named in the indictments. Specifically, Petitioner complained that the indictment in case number 87143 failed to allege (1) the *mens rea*, (2) the amount of the drug, and (3) the element of aiding and abetting or conspiracy. Similarly, the Petitioner complained that the indictment in case number 73370 is defective as it fails to set forth that Petitioner aided and abetted or conspired knowingly with his co-defendants. In addition to his attacks on the indictments, the Petitioner also argued that his convictions under case numbers 73370 and 87143 violate protections against double jeopardy. Finally, Petitioner claimed that the indictment in case number 87143 was defective because "the grand jury was not extended by the court to exceed two years."

On August 6, 2004, the trial court dismissed the petition for three reasons. First, if treated as a petition for writ of *error coram nobis*, the petition fails to allege newly discovered evidence and is time-barred. Second, if treated as a petition for post-conviction relief, the petition is time-barred. Finally, if treated as an application for the writ of *habeas corpus*, the petition fails because Petitioner failed to attach the indictments. Petitioner timely filed a notice of appeal document from the lower court's dismissal.

To the extent that the Petitioner seeks the benefit of a writ of *error coram nobis*, his claim is time-barred. The statute of limitations for this form of relief is one year from a judgment's finality. *See* Tenn. Code Ann. § 27-7-103(2000). Moreover, the Petitioner has not demonstrated the applicability of any basis upon which he might be accused from the statute of limitations. *See generally Workman v. State*, 41 S.W.3d 100 (Tenn. 2001) (due process may toll statute of limitations where petitioner facing death penalty seeks to present claim of newly discovered evidence). Additionally, none of the issues raised by Petitioner fall within the general framework for *coram nobis* relief. *See generally* Tenn. Code Ann. § 40-26-105(1997) (writ of *error coram nobis* available for "subsequently or newly discovered evidence relating to matters which were litigated at trial.").

Similarly, to the extent that the Petitioner seeks the benefit of post-conviction relief, his claims are likewise time-barred. Although certain circumstances may justify tolling the statute of limitations, *see, e.g., Williams v. State*, 44 S.W.3d 464, 471 (Tenn. 2001), the Petitioner has failed to allege any facts to justify tolling the statute of limitations. The present petition filed more than

twenty years after the judgments of convictions were entered fails to assert an applicable statutory exception or a claim of due process to excuse the late-filing of the petition.

Finally, the petition treated as a petition for habeas corpus relief also fails. It is undisputed that the Petitioner is no longer in the custody of the State of Tennessee and that the challenged sentences have long since expired. Thus, the Petitioner may not avail himself to habeas corpus relief. *See generally Hickman v. State*, 153 S.W.3d 16 (Tenn. 2004). It is also undisputed that the Petitioner, as by his own admission, is currently serving a federal sentence and is in custody of the Federal Bureau of Prisons. Section 29-21-102, Tennessee Code Annotated, specifically provides that a prisoner serving a sentence on a federal conviction in a federal prison is not entitled to the benefits of the writ of habeas corpus under the Tennessee statute. Accordingly, the trial court properly denied habeas corpus relief in this matter.

Petitioner has not established that he is entitled to *coram nobis* relief, post-conviction relief, and/or habeas corpus relief. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
DAVID G. HAYES, JUDGE

3